**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB A. MORLEY,<br><br>Defendant. | Case No. 26-MJ-00270-WBG |

**MOTION FOR DETENTION**

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant JACOB A. MORLEY, and states the following in support of the motion:

1. This motion is being made at the defendant's first appearance before a judicial officer. A criminal complaint has been filed charging the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2. The defendant is charged in Count One with being a felon in possession of a firearm, which is a crime of violence under the Bail Reform Act. *See* 18 U.S.C. § 3142(f)(1)(A); *United States v. Shirley*, 189 F. Supp. 2d 966 (W.D. Mo. 2002) (adopting *United States v. Dillard*, 214 F.3d 88 (2d Cir. 2000)); *United States v. Strickland*, No. 12-00048-01-CR-W-HFS, 2012 WL 1980820, at *1 (W.D. Mo. May 7, 2012).

3. This case also involves the possession or use of a firearm as that term is defined in 18 U.S.C. § 921. *See* 18 U.S.C. § 3142(f)(1)(E).

4. Based on this charge and the present motion, this Court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f).

5. Under the Bail Reform Act, a defendant can be detained before if "the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance can a defendant be detained before trial." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)).

6. In determining whether pretrial detention is appropriate, the Court shall consider information concerning the nature and circumstance of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the danger to any person of community posed by the defendant's release. 18 U.S.C. § 3142(g).

7. Upon review of records, the defendant has the following convictions:

   a. MORLEY was convicted of First-Degree Murder, Abuse of a Corpse, Tampering with Evidence and was sentenced to life imprisonment by the State of Tennessee. MORLEY was serving his sentence at the Northwest Correctional Complex in Tiptonville, Tennessee when he escaped.

8. According to criminal records check, the defendant has further demonstrated that he is a danger to the community because he escaped the Northwest Correctional Complex in Tiptonville, Tennessee after being convicted of murder in 2025.

9. The United States submits that there are no conditions which the Court could place on the defendant's release which would reasonably assure the safety of the community by clear and convincing evidence and reasonably assure the defendant's appearance by a preponderance of the evidence.

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant.

Respectfully submitted,

R. Matthew Price
United States Attorney

By: */s/ Jospeh Marquez*

Joseph Marquez
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on November 3, 2026, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

*/s/ Joseph Marquez*
Joseph Marquez
Assistant United States Attorney